**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**The MAXWELL COMPANY, Defendant-Appellee.**

No. 82–3642.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 28, 1983.

Decided Jan. 27, 1984.

Bruce B. Elfvin, Robert S. Bauders, Solvita A. McMillan, E.E.O.C., Cleveland, Ohio, Jeffrey C. Bannon, argued, E.E.O.C., Washington, D.C., for plaintiff-appellant.

John Wirthlin, argued, Cincinnati, Ohio, for defendant-appellee.

Before LIVELY, Chief Judge, and EDWARDS and JONES, Circuit Judges.

PER CURIAM.

In this case the Equal Employment Opportunity Commission appeals from a judgment entered by the United States District Court for the Southern District of Ohio after full trial that plaintiff, Equal Employment Opportunity Commission, had failed to prove by a preponderance of the evidence that the company's stated reasons for not hiring a female applicant named Grider were pretextual.

Our review of this record demonstrates as the Maxwell Company appellee claims that there is factual support for the company's contention and the District Court's finding that complainant Grider was not hired because she did not have priority on the list of applicants for the job concerned. Reviewing this decision on the normal basis of whether or not the District Court's findings are clearly erroneous, we find it impossible to say on the present record that they are. The testimony of the President of the company and its Personnel Director and the company records to the extent they are applicable all support the result indicated above.

This is nonetheless a difficult and disturbing case. The job for which complainant Grider applied was that of tank cleaner—a job described as difficult, dirty and dangerous. Such a job is likely to be thought of in traditional employment situations as "unsuitable" for female employees.

The shop foreman, one Dennis Sullivan, who would be the supervisor of the tank cleaners and whose recommendations as to a new employee were considered by top management, was the subject of much of the Commission's proffered testimony concerning animus toward female employees. Two witnesses, one of them the husband of complainant, offered substantial and very colorful descriptions of Sullivan's attitude toward hiring a female tank cleaner or perhaps hiring females in general.

Under the total circumstances of this case, we believe the District Court should have made specific findings upon the issue of anti-female animus and that the case should now be remanded for that purpose.

We emphasize at this point that if the sole issue in this case were whether or not the findings of fact as entered by the District Court up to this point are clearly erroneous, our answer on this record would be in the negative.

If, however, on the disputed contentions of the parties and the evidence supporting same, the District Court finds evidence of anti-female animus, then the burden of

proving pretext is significantly altered. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981); *Bell v. Birmingham Linen Service,* 715 F.2d 1552 (11th Cir.1983).

For the reasons indicated above, the judgment of the District Court is vacated and the case is remanded for further proceedings in accordance with this per curiam opinion.